IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 14, 2013

## DAVID EASTON JONES v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 2000-C-1550      J. Randall Wyatt, Jr., Judge**

---

**No. M2013-00779-CCA-R3-PC - Filed January 17, 2014**

---

Petitioner, David Easton Jones, appeals from the trial court's dismissal of his post-conviction petition. After review of the entire record we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and CAMILLE R. MCMULLEN, JJ., joined.

David A. Collins, Nashville, Tennessee, for the appellant, David Eston Jones.

Robert E. Cooper, Jr., Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General; Victor S. (Torry) Johnson, III, District Attorney General; and Brian Ewald, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

This is Petitioner's second appeal to this court regarding the post-conviction petition filed by Petitioner on May 2, 2011, which sought post-conviction relief from his convictions that resulted from a negotiated plea agreement entered on January 30, 2003. The negotiated plea agreement included all aspects of disposition of criminal charges: convictions, length of sentences, and manner of service of those sentences. Accordingly, Tennessee's rules of appellate procedure do not provide for an appeal as of right from the convictions or the sentences imposed. *See* Tenn. R. App. P. 3(b).

Petitioner's petition was initially dismissed by the trial court because it was filed after expiration of the one-year statute of limitations for filing post-conviction claims. *See* Tenn. Code Ann. § 40-30-102(a). On appeal, a majority of a panel of this court reversed and

remanded for an evidentiary hearing to determine whether the statute of limitations should be tolled on due process grounds. Specifically, this was deemed necessary because Petitioner had alleged in his petition that he believed his counsel was going to appeal the sentence imposed following the January 30, 2003 guilty pleas. *See David Easton Jones v. State*, No. M2011-01450-CCA-R3-PC, slip op. at 4 (Tenn. Crim. App. June 12, 2012).

In that majority opinion the court set forth the following pertinent procedural facts of Petitioner's case as follows:

> From the meager record before us, we discern that on June 5, 2001, the petitioner pled guilty in a Davidson County Criminal Court to three counts of possession with intent to sell .5 grams or more of cocaine, one count of sale of over twenty-six grams of cocaine, and one count of theft of property over $1000, and he was sentenced to an effective term of seventeen years at forty-five percent. On June 3, 2002, the petitioner filed a petition for post-conviction relief, which the post-conviction court granted after hearing and vacated the petitioner's convictions.
>
> On January 30, 2003, the petitioner pled guilty to the same charges and received, under the plea agreement, a total effective sentence of twenty-three years at thirty percent. The petitioner filed the instant untimely petition for post-conviction relief on May 2, 2011, in which he contended that his second guilty pleas were unknowingly and involuntarily entered and that he received the ineffective assistance of counsel, because, among other reasons, counsel did not file a direct appeal as he said he would. On May 23, 2011, the post-conviction court summarily dismissed the petition on the basis that it was filed outside the one-year statute of limitations.

*David Easton Jones*, slip. op. at 1-2.

After an evidentiary hearing upon remand, the trial court again dismissed the petition upon concluding that no grounds existed to toll the running of the statute of limitations. Witnesses who testified at the evidentiary hearing upon remand were Petitioner, Petitioner's father, and trial counsel. We will summarize the testimony of each witness that is pertinent to the issue on remand and now in this appeal.

Petitioner testified that he had already been paroled from the effective 23-year sentence, but was still incarcerated in a federal penitentiary on unrelated convictions. Petitioner testified that when he found out shortly after the guilty pleas were entered in January 2003 that he had received a sentence of 23 years, six years more than what he had

already "gotten . . . overturned," he asked trial counsel to appeal the sentence. Petitioner testified that he spoke with trial counsel's secretary "several times," and she told Petitioner an appeal had been filed but it was "turned down." According to the Petitioner these conversations occurred in 2004. Petitioner added that he became aware that no appeal was taken when his federal court attorney told Petitioner that there was no record of an appeal ever being filed.

Petitioner testified that he did not remember being in court and pleading guilty with an effective sentence of 23 years being imposed. Petitioner identified the transcript of the guilty plea hearing in January 2003 and stated that he had looked through it. Despite the fact that the transcript clearly shows Petitioner was present and that he answered questions from the court at the guilty plea hearing when he received the effective 23-year sentence, Petitioner unequivocally testified that he was not in the courtroom for that guilty plea hearing. He testified, "I'm saying that it didn't happen."

Petitioner clarified on cross-examination that he was taken into custody on the federal charges in 2009 after he had already been paroled on the sentences involved in the case *sub judice*. Apparently, Petitioner's state parole was revoked because he testified that his state sentence was being served concurrently with his federal sentence. Petitioner reiterated on cross-examination that trial counsel told him that he (trial counsel) "would file an appeal."

Petitioner's father, Mr. Charles Jones, testified that he paid trial counsel to represent Petitioner. He recalled speaking with trial counsel on the day that Petitioner entered his guilty pleas in January 2003. Mr. Jones remembered hearing that Petitioner received "30 percent time," but he could not recall the number of years of Petitioner's effective sentence. Mr. Jones could not remember any details of any conversation with trial counsel concerning an appeal of Petitioner's twenty-three-year sentence. However, Mr. Jones clearly stated that he did not pay trial counsel "to do an appeal."

Trial counsel testified that he represented Petitioner in 2003 on the charges which are the subject of the post-conviction petition. Trial counsel first represented Petitioner in the post-conviction proceeding which resulted with the convictions and the effective seventeen-year sentence being set aside. Trial counsel thereafter continued to represent Petitioner on the reinstated charges. Trial counsel's testimony indicated that he and Petitioner were both aware that if the first petition for post-conviction relief was granted because Petitioner had initially received an illegal sentence, then Petitioner could possibly receive a longer effective sentence or be required to go to trial when all the charges were reinstated. Trial counsel never discussed with Petitioner an appeal of Petitioner's sentence. There were no letters or notes in trial counsel's file discussing an appeal. Trial counsel was aware that under the

circumstances of Petitioner's case, with an agreed, negotiated sentence, it was not possible to appeal the sentence.

Regarding why the original sentence of seventeen years was not possible in a negotiated agreement, trial counsel testified as follows:

A.     I do need to, I think it would be helpful if I could explain one other thing.

Q.     Sure.

A.     Because there was some question about why would one take 23 years over 17 years. When this was set aside Mr. Zimmermann, John Zimmermann represented the State and the negotiations were to get - he would not agree to anything less than what the 17 at 45 percent would have made Mr. Jones' release eligible for, uh, and so the negotiations that were hammered out and the amending of the charges was to come back to a range I sentence that would mirror or be almost equal to the same as the 17 at 45. I didn't like it. I remember Mr. Jones didn't like it. [Co-counsel] didn't like it, but it wasn't a question of whether it was going to be 17 years or 23 years, it was a question of whether it was going to be a range I comparable to 17 at 45 or go to trial, those were our choices, so.

At the conclusion on the hearing on remand, the trial court took the matter under advisement, and subsequently entered an order again dismissing the petition for post-conviction relief. After summarizing the testimony presented at the hearing, the trial court made the following findings:

Pursuant to the mandate from the Court of Criminal Appeals, the Court must first determine whether due process tolled the statute of limitations so as to give the Petitioner a reasonable opportunity after the expiration of the limitations period to present his claim in a meaningful time and manner. The Petitioner alleges that the limitations period should be tolled because he thought that Mr. McNally had appealed his case and later learned that no appeal was filed. The Court is not persuaded by this argument. The Court finds no credibility in the Petitioner' testimony. The Petitioner testified that he was not present for his guilty plea, while the transcript of the plea proceedings, which was made an exhibit at the post-conviction hearing, clearly shows that the Petitioner was present and

-4-

participated in the plea colloquy with the Court. Moreover, the Court accredits all of the testimony of Mr. McNally and finds that there was never any agreement that he would file an appeal on behalf of the Petitioner. The Court further finds that there is no other valid basis for tolling the statute of limitations.

Having found no basis for tolling the statute of limitations, the Court finds that the Petitioner's claim is time-barred. Therefore, the Court is of the opinion that the State's motion to dismiss the petition should be granted.

Misconduct by trial counsel can possibly necessitate tolling the statute of limitations applicable to post-conviction proceedings. *Whitehead v. State*, 402 S.W.3d 615, 624 (Tenn. 2013) (citing *Williams v. State*, 44 S.W.3d 464 (Tenn. 2001)). In *Williams*, the Court held a petitioner is entitled to have the statute of limitations tolled on due process grounds if "an attorney's misrepresentation, either attributable to deception or other misconduct," caused the statute of limitations to expire under circumstances where such conduct was beyond a petitioner's control. *Williams*, 44 S.W.3d at 469. Notably, it was a misrepresentation by trial counsel about filing an application for permission to appeal to our supreme court which was pertinent in *Williams*.

However, in Petitioner's case the trial court clearly and unambiguously found that Petitioner's testimony was not credible. Conversely, the trial court found trial counsel's testimony to be credible. These credibility determinations, as in all factual findings in a trial court's ruling in a post-conviction proceeding, are conclusive on appeal unless the evidence preponderates against those findings." *Jaco v. State*, 120 S.W.3d 828, 830 (Tenn. 2003). By accrediting the testimony of trial counsel and by finding Petitioner's testimony to not be credible, the trial court concluded that there was no discussion whatsoever about trial counsel filing an appeal of the sentence imposed pursuant to a negotiated plea agreement where the length and manner of service of the sentence was agreed to by the State and Petitioner. The entire record, including credible testimony and the exhibits, confirms the findings and conclusions of the trial court.

Accordingly, the judgment of the trial court is affirmed.

_____
THOMAS T. WOODALL, JUDGE